IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 3:25-cr-214-RAH-CWB |
| | ) | |
| JACOB PARKER | ) | |

**PLEA AGREEMENT**

**I. BACKGROUND INFORMATION**

**A.  Attorneys**

Defense Attorney:   Samuel Brooke

Assistant United States Attorney:   Tara S. Ratz

**B.  Counts and Statutes Charged**

Count 1:   18 U.S.C. § 2251(d) – Conspiracy to Advertise Child Pornography
Count 2:   18 U.S.C. § 2252(A)(a)(2) – Conspiracy to Distribute Child Pornography
Count 3:   18 U.S.C. § 2251(d) – Advertisement of Child Pornography
Count 4:   18 U.S.C. § 225A(a)(5)(B) – Possession of Child Pornography

**C.  Count Pleading Pursuant to Plea Agreement**

Count 1:   18 U.S.C. § 2251(d) – Conspiracy to Advertise Child Pornography

**D.  Statutory Penalties**

Count 1:   18 U.S.C. § 2251(d) – Conspiracy to Advertise Child Pornography

A term of imprisonment of not less than 15 years and not more than 30 years, a fine of not more than $250,000, or both the fine and imprisonment; a term of supervised release of not less than five years and not more than life; a mandatory assessment fee of $100 per count under 18 U.S.C. § 3013; an assessment of $5,000 per count under 18 U.S.C. § 3014; an assessment, pursuant to 18 U.S.C. § 2259A, of not more than $35,000; and an order of restitution, including mandatory restitution under 18 U.S.C. § 2259 of not less than $3,000 per victim.

**E.  Elements of the Offense**

Count 1:             18 U.S.C. § 2251(d) – Conspiracy to Advertise Child Pornography

Defendant's Initials: JP

First: Two or more persons in some way agreed to try to accomplish a shared and unlawful plan—that is, the advertisement of child pornography; and

Second: The Defendant knew the unlawful purpose of the plan and willfully joined in it.

## II. INTRODUCTION

Tara S. Ratz, Assistant United States Attorney, and Samuel Brooke, attorney for the defendant, Jacob Parker, pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with the authorization of the defendant, submit this plea agreement. The terms are as follows.

## III. THE GOVERNMENT'S PROVISIONS

1. Pursuant to Rule 11(c)(1)(C), the government agrees that a sentence of 292 months is the appropriate disposition of the case.

2. The government reserves the ability to argue for or against the application of any other specific offense characteristic or Chapter 3 adjustment. Additionally, the government will provide to the United States Probation Office (Probation) all relevant information about the offense, all relevant conduct, and the defendant's criminal history. This agreement does not obligate the government to make any recommendation regarding the defendant's criminal history score or resulting criminal history category.

3. The government reserves the ability to evaluate whether, as of the time of the sentencing hearing, the defendant has clearly demonstrated acceptance of responsibility for the offense such that he is eligible to receive a two-level reduction pursuant to U.S.S.G. § 3E1.1(a).

4. Pursuant to Rule 11(c)(1)(A), the government agrees that it will, at the sentencing hearing, move to dismiss counts 2, 3, and 4.

5. Pursuant to Rule 11(c)(1)(A), the government agrees that it will not bring or pursue any additional charges against the defendant for the conduct described in the Indictment, or for

conduct determined by the Court at the sentencing hearing to be relevant conduct to the offenses to which the defendant is pleading guilty.

6.  The government agrees that, at the sentencing hearing, it will take no position as to the imposition of a fine.

## IV. THE DEFENDANT'S PROVISIONS

**A.  Plea and Sentencing**

7.  The defendant agrees to plead guilty to count 1 and to make factual admissions of guilt in open court.

8.  The defendant agrees that pursuant to Rule 11(c)(1)(C), a sentence of 292 months is the appropriate disposition of the case.

9.  The defendant acknowledges that the defendant will be allowed to withdraw the guilty plea in the event that the Court does not accept any or all of the recommendations made pursuant to Rule 11(c)(1)(C).

10.  The defendant understands that the defendant will be provided an opportunity to withdraw the guilty plea in the event that the Court does not accept any or all of the provisions set forth pursuant to Rule 11(c)(1)(A).

11.  The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing, regardless of whether that offense is charged or chargeable.

12.  The defendant agrees to provide truthful information to Probation and to the Court in all presentence and sentencing proceedings.

**B.  Fines and Restitution**

13.  The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of the Court. The defendant acknowledges that the full fine and restitution amounts shall be

Defendant's Initials: ___

considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of Probation at any time, the defendant agrees that the United States Bureau of Prisons and Probation will have the authority to establish payment schedules to ensure payment of the fine and restitution.

14. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off from federal payments, execution on non-exempt property, and any other means the government deems appropriate.

15. The defendant agrees that, after the Court enters a final judgment, the defendant may be contacted by government officials regarding the collection of any financial obligation imposed by the Court without notifying the defendant's attorney and outside the presence of the defendant's attorney.

16. To facilitate the collection of financial obligations imposed in this case, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.

17. The defendant will, if requested by the government, promptly submit a completed financial statement to the Office of the United States Attorney for the Middle District of Alabama in a form the government provides and as the government directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

18. The defendant expressly authorizes the government to obtain a report on the defendant's credit in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials: _JT_

19. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by this agreement or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20. The defendant agrees to pay the $100 assessment fee.

**C.  Freedom of Information Act Waiver**

21. The defendant agrees to and does hereby waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, but not limited to, any records that may be sought under the Freedom of Information Act, see 5 U.S.C. § 552, or the Privacy Act of 1974, see 5 U.S.C. § 552a.

**D.  Forfeiture of Assets**

22. The defendant agrees and consents to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession of the government, the defendant, or defendant's nominees. The assets to be forfeited specifically include, but are not limited to: a BiteCool NikoBook Laptop (SN: WK24086-12845) laptop; a Seagate 2TB external hard drive (SN: NABKLLZV); an HP Laptop (SN: 5CD0436N97); and a Seagate 1TB External Hard Drive (SN: NA524DEV).

23. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal or civil judicial or administrative forfeiture action. As such, the defendant hereby withdraws any claim the defendant may have filed in any administrative forfeiture action and agrees to the declaration of forfeiture. The defendant also agrees to and does hereby waive all

Defendant's Initials: NP

constitutional, statutory, and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at the sentencing hearing, or incorporated into the judgment.

24. The defendant admits and agrees that the conduct described in the factual basis section below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government, including the requisite nexus and the crimes to which the defendant is pleading guilty. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant agrees to the immediate entry of any orders concerning forfeiture, including the preliminary order of forfeiture, which will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

25. The defendant agrees to, within 30 days of the entry of the judgment, take all steps necessary to assist the government in obtaining clear title to forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, and to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant.

26. The defendant agrees that the government is not limited to forfeiture of the property specifically identified for forfeiture in this plea agreement. If the government determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the government shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The defendant expressly consents to the forfeiture of substitute assets as authorized herein and understands that the forfeiture of substitute assets shall not be deemed an alteration of the defendant's sentence.

27. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28. The defendant agrees that, in the event the Court determines that the defendant has breached this section of the plea agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, if applicable, and may be eligible for an obstruction of justice enhancement.

## V. FACTUAL BASIS

29. The defendant admits the allegations charged in the Indictment and understands that the nature of the charges to which the plea is offered involves proof as to count 1. Specifically, the defendant admits the following to be true and correct:

   a. At all relevant times, the "Subject Website" was a website dedicated to child pornography, as defined in 18 U.S.C. § 2256(8)(A), and the discussion of child

sexual abuse. It used advanced technology to hide the location of its servers and users. Users of the Subject Website could make posts in forums or subforums on the website—many of which were devoted to certain types of child pornography—and these posts would then be viewable by other users. According to the rules of the Subject Website, all content shared over the website had to depict a child under the age of 18. The rules further specified that users sharing such child pornography content must do so by making a post in the appropriate forum that contained a link to another online location where the child pornography could be downloaded. Posts also needed to contain a preview image that allowed other users to see a representative sample of what type of child pornography would be accessible through the link. During the relevant timeframe, Subject Website users made many thousands of child pornography images and videos available in this manner. At all relevant times, the Subject Website had many thousands of registered members, and it was operated and managed by a smaller subset of approximately 20 staff members. These staff members included moderators, who had the authority to police other users' posts and edit or delete them as necessary. These staff members were frequently chosen on the basis of their contributions to the Subject Website, including by making posts sharing child pornography.

b. Beginning in or about July 2023 and continuing through approximately September 2024, the defendant was a member of the Subject Website. During this time, the defendant made more than 500 posts on the site, including numerous posts that contained links to images and videos depicting the sexual abuse of children. For example, in at least September 2023, January 2024, and June 2024, the defendant

8                                  Defendant's Initials: JP

    made posts on the Subject Website, each of which included a link that redirected to an online location where a video could be downloaded. Each of these videos depicted the sexual abuse of children—including images depicting prepubescent girls displaying their naked genitals and engaged in oral, anal, and vaginal sex with adult men. Each of the defendant's posts also included a preview image that depicted still shots from the linked-to videos. These still shots likewise depicted the sexual abuse of children, including prepubescent girls engaged in oral, anal, and vaginal sex with adult men. The defendant made these posts in part to establish and maintain his status on the Subject Website.

c. In making these posts, the defendant knowingly made, printed, and published notices and advertisements offering to distribute or display child pornography to other users on the Subject Website. These notices and advertisements were transported using the internet, which is a means or facility of interstate or foreign commerce. The defendant did so in accordance with the rules of the Subject Website, which specified that users could share child pornography over the website by making such posts with notices or advertisements offering, via the included download links, to distribute or display child pornography to the many other users of the Subject Website.

d. The defendant also served as a "moderator" of the Subject Website, which was one of the approximately 20 staff positions who helped run the Subject Website. In his position as a moderator, the defendant policed other users' posts to ensure that they complied with the rules of the Subject Website. At one point, the defendant

Defendant's Initials: ___

       specifically noted that he could no longer keep adding to a child pornography post on the Subject Website in part because of his duties as a moderator.

    e. In February 2025, FBI agents executed a search warrant at the defendant's home in Lee County, Alabama, within the Middle District of Alabama. During the execution of this warrant, FBI agents seized electronic devices belonging to the defendant that contained thousands of images and videos of child pornography, including child pornography depicting sadism, bestiality, and the sexual abuse of infants and toddlers. These devices included those listed in paragraph 22, above.

    f. The defendant engaged in the conduct described above from his home in Lee County, Alabama, within the Middle District of Alabama.

30. The defendant agrees that, based on the foregoing admitted facts, the Court may determine that there is a factual basis for the plea to be entered. Furthermore, the defendant acknowledges that the Court may use any of the above-stated facts for the purpose of determining the defendant's sentence.

## VI. THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

31. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

Defendant's Initials: _JP_

32.   In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to exercise its right to appeal, the defendant is released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. § 3742(a).

## VII. BREACH OF THE PLEA AGREEMENT

33.   The parties agree that the issue of whether either party has breached this agreement at any time is one that will be resolved by the Court by a preponderance of the evidence, except for breaches based on new criminal conduct, as discussed below.

34.   The parties agree that, should either party obtain information causing the party to develop a good faith belief that the other party has breached this agreement, then the party will promptly file a written motion—or make an oral motion if doing so would be more expedient—asking that the Court declare the other party to be in breach of the plea agreement.

35.   Should the Court find the defendant to have breached this agreement: (1) the government will be free from its obligations under this agreement; (2) the defendant will not be permitted to withdraw the guilty plea; (3) the defendant's obligations and waivers under this agreement will remain in full force and effect; (4) the defendant could be subject to prosecution for other crimes; and (5) the government will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding, all statements by the defendant and any information or materials provided by the defendant, including statements made during the plea hearing and all statements made by the defendant pursuant to proffer letters.

36.   The parties agree that, in the event that the defendant breaches this agreement by committing new criminal conduct, the government will be required to only establish probable

11                              Defendant's Initials: TP

cause to believe that the defendant committed a new criminal offense for the Court to find the defendant in breach of the plea agreement.

37. The parties agree that, should the Court find the government in breach of this plea agreement, the defendant may cancel this agreement and thus be released from the appellate and collateral attack waivers. The parties further agree that a breach of the plea agreement by the government will not automatically entitle the defendant to withdraw the guilty plea and, if the defendant should seek to withdraw the guilty plea on the basis of such a breach, then the defendant will be required to file a motion pursuant to Rule 11(d), which the government could oppose.

## VIII. THE DEFENDANT'S ACKNOWLEDGEMENTS

38. The defendant acknowledges that the Court is neither a party to nor bound by this agreement. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the Court will determine the advisory Guidelines range and the sentence. The defendant acknowledges that the defendant and the defendant's attorney have discussed the advisory Guidelines and the statutory sentencing factors set forth at 18 U.S.C. § 3553(a) and the defendant understands how those provisions may apply in this case. The defendant further understands that the defendant will have no right to withdraw a guilty plea on the basis that the Court calculates an advisory Guidelines range that differs from the range projected by the defense attorney, the government, or Probation.

39. The defendant understands that: (1) in pleading guilty, the defendant may be required to make statements under oath; and (2) the government has a right to use against the defendant, in a prosecution for perjury or for making a false statement, any statement that the defendant makes. However, as the defendant understands, the government may not use as evidence against the defendant in any future proceeding involving the charges alleged in any

charging document in this case or related offenses, the defendant's guilty plea if the Court permits the defendant to withdraw that guilty plea.

40.  The defendant understands that if the defendant pleads guilty pursuant to this agreement and the Court accepts that guilty plea, the defendant will waive certain rights, namely: (1) the right to plead not guilty or to persist in a plea of not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel—and if necessary to have the Court appoint counsel—at trial and at every other stage of the proceeding; and (4) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

41.  The defendant understands: (1) the nature of each charge to which the defendant is pleading guilty; (2) the maximum and minimum possible penalties associated with each charge to which the defendant is pleading guilty, including imprisonment, fine, and a term of supervised release; (3) any applicable mandatory minimum penalty associated with a charge to which the defendant is pleading guilty; (4) any applicable forfeiture provision applicable to a charge to which the defendant is pleading guilty; (5) the Court's authority to order restitution; and (6) the Court's obligation to impose a special assessment.

42.  The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the conviction on the defendant's immigration status. The defendant nevertheless affirms that the

defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is the defendant's automatic removal from the United States.

43. The defendant confirms that the entirety of any agreement between the defendant and the government is set forth in this agreement and any addendum to this agreement and that the government has not made any promises to the defendant other than those contained in this agreement and any addendum to this agreement.

44. The defendant confirms that counsel has competently and effectively represented the defendant throughout the proceedings leading to the entry of a guilty plea. The defendant is satisfied with such representation.

45. The defendant acknowledges that the defendant enters this plea agreement and pleads guilty freely and voluntarily. That is, the defendant acts without being influenced by any threats, force, intimidation, or coercion of any kind.

46. The defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Alabama and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority.

47. <u>Registration as a Sex Offender under the Sex Offender Registration and Notification Act</u>. The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. As a condition of supervised release, the defendant shall initially register with the state sex offender registration and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Office. The defendant has been advised and understands

that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school and that those requirements may apply throughout the defendant's life. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. The defendant shall provide proof of registration to the Probation Office within 72 hours of release from imprisonment. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirement. Specifically, under Title 18, United States Code, Section 2250, the defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register, which is punishable by a fine or imprisonment, or both. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

## IX. THE ATTORNEYS' ACKNOWLEDGEMENTS

48.     The attorneys for the government and for the defendant acknowledge that this plea agreement contains the entirety of any agreement between the parties and that the parties reached this plea agreement in accordance with the procedure set forth at Rule 11.

15                           Defendant's Initials: JP

49. The attorney for the defendant confirms that the attorney for the defendant advised the defendant of: (1) the nature of the charges to which the defendant is pleading guilty; (2) the penalties associated with those charges; (3) the rights that the defendant is waiving by pleading guilty; and (4) the possibility that statements made by the defendant under oath during a plea hearing may be used against the defendant in a subsequent prosecution for perjury or for making a false statement.

Defendant's Initials: JP

Respectfully submitted,

KEVIN P. DAVIDSON
ACTING UNITED STATES ATTORNEY

_____   9/1./2025
John J. Geer III                  Date
Criminal Chief

_____   9/9/2025
Tara S. Ratz                      Date
Assistant United States Attorney


_____   9/9/2025
Kyle P. Reynolds                  Date
Acting Deputy Chief
U.S. Department of Justice
Child Exploitation and Obscenity Section


_____   8/24/25
Jacob Parker                      Date
Defendant


_____   9/24/25
Samuel Brooke                     Date
Attorney for the Defendant

Defendant's Initials: JP